THEODORA R. LEE, Bar No. 129892
tlee@littler.com
RENEE C. FELDMAN, Bar No. 253877
rfeldman@littler.com
LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard, Suite 600
Walnut Creek, California  94597
Telephone:   925.932.2468
Fax No.:        925.946.9809

Attorneys for Defendant
SOUTHERN GLAZER'S WINE AND SPIRITS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SILVA, as an individual,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN GLAZER'S WINE AND SPIRITS, LLC, a Florida corporation; KAYLA GERBERSHAGEN, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446 [DIVERSITY JURISDICTION]**<br><br>(Alameda Superior Court Case No. HG21106621) |

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441,
1446 [DIVERSITY JURISDICTION]

TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant SOUTHERN GLAZER'S WINE AND SPIRITS, LLC ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and (b), and 1446.

## I.   STATEMENT OF JURISDICTION

1.   This Court has original jurisdiction over this action based on diversity of citizenship because it is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  28 U.S.C. § 1332(a).

## II.   PLEADINGS, PROCESS, AND ORDERS

2.   On June 11, 2021, Plaintiff DAVID SILVA ("Plaintiff") filed a Complaint for Damages in Alameda County Superior Court entitled *David Silva v. Southern Glazer's Wine and Spirits, LLC; Kayla Gerbershagen; and Does 1 through 10,* Case No. HG21106621 ("Complaint" or "Compl.").  The Complaint asserts various state law causes of action related to Plaintiff's employment, specifically: (1) violation of California Labor Code §§ 226.7 and 512 [meal and rest breaks]; (2) violation of California Labor Code §§ 510, 1194, 1198 [unpaid overtime]; (3) violation of California Labor Code § 226 [inaccurate wage statements]; (4) harassment in violation of the California Fair Employment and Housing Act ("FEHA"); (5) failure to prevent and remedy harassment in violation of FEHA; (6) disability discrimination in violation of FEHA; (7) failure to accommodate in violation of FEHA; (8) failure to engage in the interactive process in violation of FEHA; (9) retaliation in violation of FEHA; and (10) vilation of California Business & Professions Code §§ 17200 *et seq.*

3.   On July 30, 2021, Defendant received service of: (1) Summons, (2) Complaint, (3) Civil Case Cover Sheet.  A true and correct copy of this service packet is attached as <u>Exhibit A</u>.

4.   On August 13, 2021, Defendant received service by mail of: (1) Notice of Case Management Conference.  A true and correct copy of this service packet is attached as <u>Exhibit B</u>.

5.   On August 16, 2021, Defendant received service by mail of: (1) Plaintiff's Form

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597

2

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446 [DIVERSITY JURISDICTION]

Interrogatories-Employment Law, Set 1; (2) Plaintiff's Request for Admissions, Set One; and (3) Plaintiff's Request for Production of Documents, Set One.  Copies of discovery documents need not be submitted with a notice of removal.  *Visicorp v. Software Arts, Inc.*, 575 F. Supp. 1528, 1531 (N.D. Cal. 1983) (discovery "does not constitute process, pleadings or orders" under removal statues).  *See* Fed. R. Civ. Proc. 5(d)(1) (discovery documents not filed with court).  *See also* Visicorp, 575 F.Supp. at 1531 ("Whether or not such discovery is lodged with the state court, it is not a matter which remains with any force or effect after removal"); *Wayne Merritt Motor Co., Inc. v. New Hampshire Ins. Co.*, 2012 WL 3071431, *7 (N.D. Cal 2012) ("when a case is removed from state court to federal court, any pre-removal discovery requests are no longer effective").

6. On August 25, 2021, Defendant filed an Answer in Alameda County Superior Court generally denying Plaintiff's allegations and asserting affirmative defenses.  A true and correct copy of the Answer is attached as Exhibit C.

7. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in Alameda County Superior Court or served by any party.  To Defendant's knowledge, no other activity or proceedings have occurred in this case in Alameda County Superior Court.

### III.  TIMELINESS OF REMOVAL

8. This Notice of Removal is timely as it is being filed within thirty (30) days of July 30, 2021, the first date Plaintiff served the Summons and Complaint on any defendant, and within one year from the commencement of this action.  *See* 28 U.S.C. § 1446(b).

### IV.  DIVERSITY JURISDICTION

9. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597

3

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446 [DIVERSITY JURISDICTION]

A. **The Parties Are Completely Diverse.**

**Plaintiff is a Citizen of California**

10. Citizenship of a natural person is established by domicile. A person's domicile is established by physical presence and an intent to remain indefinitely. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Residence creates a presumption of one's domicile. *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941 ("The place where a man lives is properly taken to be his domicile until the facts adduced establish the contrary"); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (a party's residence is prima facie evidence of his domicile).

11. Plaintiff alleges that "[a]t all times herein mentioned, Plaintiff Silva is and has been a resident of Alameda County, State of California." (Compl., ¶ 5.) Accordingly, Plaintiff is a citizen of California.

**Defendant Southern Glazer's Wine and Spirits, LLC Is Not A Citizen of California**

12. A limited liability company has the same citizenship of that of its member(s). *Johnson v. Columbia Props. Anchorage*, 437 F.3d 894, 899 (9th Cir. 2006) ("an LLC is a citizen of every state of which its owners/members are citizens.")

13. Defendant is a limited liability company organized under the laws of Delaware with its principal place of business in Florida. (Declaration of George Guthrie ("Guthrie Decl."), ¶ 2). Defendant has four members: (a) Glazer's Inc.; (b) Glazer's Venture Holdings, Inc.; (c) SWS Holdings, Inc.; and (d) Southern Wine and Spirits Corporation. (*Id.*)

14. A corporation is deemed a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The principal place of business refers to "the place where a corporation's high level officers direct, control, and coordinate the corporation's activities," which is typically the corporation's headquarters. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (2010).

15. Glazer's Inc. is a corporation incorporated in Texas, with its principal place of business in Texas. Its corporate headquarters are located at 14911 Quorum Drive, Suite 150, Dallas, Texas, 75254. Glazer's Inc.'s senior executives all work out of its headquarters in Dallas, including

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597

4

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446 [DIVERSITY JURISDICTION]

the Chief Executive Officer, Chief Financial Officer, Treasurer, and Controller. All of the company's primary executive, administrative, financial, and management functions are in Texas, where its corporate officers direct, control, and coordinate its activities. (Guthrie Decl., ¶ 3.)

16. Glazer's Venture Holdings, Inc. is a corporation incorporated Texas, with its principal place in Texas. Its corporate headquarters are located at 14911 Quorum Drive, Suite 150, Dallas, Texas, 75254. Glazer's Venture Holdings, Inc.'s senior executives all work out of its headquarters in Dallas, including the Chief Executive Officer, Chief Financial Officer, Treasurer, and Controller. All of the company's primary executive, administrative, financial, and management functions are in Texas, where its corporate officers direct, control, and coordinate its activities. (Guthrie Decl., ¶ 4.)

17. SWS Holdings, Inc. is a corporation incorporated in Florida, with its principal place of business in Florida. Its corporate headquarters are located at 1600 NW 163rd Street, Miami, Florida 33169. SWS Holdings Inc.'s senior executives all work out of its headquarters in Miami, including the Chief Executive Officer, Chief Financial Officer, Secretary, Treasurer, and Director. All of the company's primary executive, administrative, financial, and management functions are Florida, where its corporate officers direct, control, and coordinate its activities. (Guthrie Decl., ¶ 5.)

18. Southern Wine and Spirits Corporation is a corporation incorporated in Florida, with its principal place of business in Florida. Its corporate headquarters are located at 1600 NW 163rd Street, Miami, Florida 33169. Southern Wine and Spirits Corporation's senior executives all work out of its headquarters in Miami, including the Chief Executive Officer, Chief Financial Officer, Chief Human Resources Officer, Secretary, Treasurer, and Director. All of the company's primary executive, administrative, financial, and management functions are in Florida, where all of its corporate officers direct, control, and coordinate its activities. (Guthrie Decl., ¶ 6.)

19. Based on the citizenship of Defendant's members, Defendant is a citizen of Delaware, Texas, and Florida.

**Kayla Gerbershagen's Citizenship Is Disregarded**

20. Individually-named defendant Kayla Gerbershagen ("Gerbershagen") is a sham defendant, named only to defeat diversity. A non-diverse party named in the state court action may

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597

5

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446 [DIVERSITY JURISDICTION]

be disregarded when that party's joinder is a "sham" or "fraudulent" such that no cause of action has been stated against that party. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th. Cir. 2001) (non-diverse sham defendant named in state court action may be disregarded*); Farias v. Bexar County Bd. of Trustees*, 925 F.2d 866, 871 (5th Cir. 1991), rehearing denied, 931 F.2d, cert. denied 502 U.S. 866; *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). In determining whether a defendant is "fraudulently" joined, courts may properly consider the allegations of the complaint and facts presented by the defendant in its notice of removal. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998), cert. denied, 525 U.S. 963 (1998).

21. Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity. *See Morris*, 236 F.3d at 1061; *Triggs*, 154 F.3d at 1287. It does not have to be shown that the joinder of a non-diverse defendant was for the purpose of preventing removal. Rather, the question is simply whether there is any possibility that the plaintiff will be able to establish liability against the party in question. *Ritchey*, 139 F.3d at 1318-19. If no cause of action can be established against a defendant, the defendant is nominal and need not be included in the removal. *See Farias*, 925 F.2d at 866.

22. Plaintiff asserts only one cause of action against Gerbershagen: disability harassment. His allegations regarding Gerbershagen are only that: "During Silva's leave, Gerbershagen would contact him on numerous occasions and demand to know when he was returning to work, be critical of his injury, and demand updates on his health and medical leave" and "Gerbershagen would also contact and message him during his medical leave to demand that he pay her the storage fee, despite not having been at work due to his injury." (Compl., ¶¶ 15-16, 47-48.) Such is insufficient to establish harassment.

23. Harassment requires conduct that was: (i) unwelcome; (ii) because of a protected characteristic; and (iii) sufficiently severe or pervasive to alter the conditions of employment. *See Lyle v. Warner Bros. Television Prod.*, 38 Cal. 4th 264, 279 (2006). Isolated, sporadic acts are insufficient to establish liability. *Beyda v. City of Los Angeles*, 65 Cal. App. 4th 511, 519 (1998). Rather, there must be a concerted pattern of harassment of a repeated nature that any reasonable person would have found to seriously interfere with their ability to do their job and

LITTLER MENDELSON
P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597

6

NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441,
1446 [DIVERSITY JURISDICTION]

seriously affected their psychological well-being. *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 610 (1989). Additionally, the conduct "must be both objectively and subjectively offensive." *Lyle*, 38 Cal. 4th at 283.

24. Plaintiff is unable to establish a *prima facie* case of harassment against Gerbershagen. The purported comments were not *because of* his alleged disability, or because of any protected category, nor were they objectively offensive. Rather, they related to the status of Plaintiff's leave of absence (e.g., as alleged, when he would return to work, updates on his medical leave) and/or had no relationship to his alleged disability whatsoever (e.g., as alleged, paying the storage fee). These all involved Gerbershagen's personnel management of Plaintiff, which cannot constitute harassment, even if done maliciously. *See Doe v. Dept. of Corrections*, 43 Cal. App. 5th 721, 737 (2019) ("Assigning and reviewing work, approving time off requests, and enforcing workplace rules all fall within the duties of a manager . . . That [plaintiff] felt his supervisor performed his duties in a negative or malicious way does not transform his conduct into disability harassment."); *id.* ("Workplaces can be stressful and relationships between supervisors and their subordinates can often be contentious. But FEHA was not designed to make workplaces more collegial; its purpose is to eliminate more insidious behavior like discrimination and harassment based on protected characteristics.").

25. The purported comments also were not severe or pervasive, did not create an abusive environment, and did not alter the terms and conditions of Plaintiff's employment. The alleged conduct certainly was not severe, as it was simply comments that were work-related. Nor was the conduct pervasive. At best, the comments occurred sporadically over the course of a month and a half, while Plaintiff was on a leave of absence. (Compl., ¶¶ 14, 17 (started leave on 6/15/20; notified of termination on 8/8/20).) *See Manatt v. Bank of America*, 339 F.3d 792, 798 (9th Cir. 2003)) ("simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment"); *Etter v. Veriflo Corp.*, 67 Cal. App. 4th 457, 466 (1998) (racial remarks made to a stock room worker every day for six weeks was not severe and pervasive conduct). Additionally, the alleged conduct could not have made Plaintiff's work environment abusive or impacted Plaintiff's work performance, because Plaintiff was not at work during this time. *Serri v. Santa Clara Univ.*, 226 Cal. App. 4th 830, 870 (2014) ("the

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597

7

NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441,
1446 [DIVERSITY JURISDICTION]

plaintiff must prove that the defendant's conduct would have interfered with a reasonable employee's work performance").

26. Because Plaintiff has not stated a cause of action against Gerbershagen, Gerbershagen was fraudulently joined and her citizenship is disregarded for purposes of removal.

### Doe Defendants' Citizenship is Disregarded

27. The citizenship of potential Does 1-10 is irrelevant for purposes of removal. *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").

**B.    The Amount in Controversy Exceeds $75,000.**

28. The defendant only needs to establish by a preponderance of the evidence that the plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). "The amount in controversy for jurisdictional purposes is determined by the amount of damages or the value of the property that is the subject of the action." *Meisel v. Allstate Indem. Co*., 357 F. Supp. 2d 1222, 1225 (E.D. Cal. 2005). "In determining the amount in controversy, a court may consider compensatory and punitive damages as well as attorney fees, but may not consider interest and costs of suit." *Id.*

29. Plaintiff alleges he has "substantial losses and earnings [and] other employment benefits." (Compl., ¶¶ 51, 62, 74, 85, 92, 98, Prayer at 1.) During his employment, Plaintiff worked full time, earning $15.50 per hour, with occasional overtime and double time, a $140 weekly car allowance, and regular incentive and bonus payments. (Guthrie Decl., ¶ 7.) Thus, in the 10 months between the termination of Plaintiff's employment in August 2020 and the filing of his Complaint in June 2021, his alleged loss wages are estimated at over $50,000. Additionally, his alleged lost wages continue to accrue.

30. Plaintiff alleges that he is entitled to "one hour of pay at Plaintiff's regular rate of pay for every missed meal and rest period." (Compl., ¶ 24.) *See* Cal. Lab. Code § 226.7 ("If an employer fails to provide an employee a meal period or rest period . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.") Although Plaintiff does not specify the number of

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597

8

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446 [DIVERSITY JURISDICTION]

missed meal/rest breaks, the penalties add up quickly and increase the amount in controversy.

31. Plaintiff also alleges that he is entitled to overtime compensation for overtime hours he allegedly worked but was not paid for. (Compl., ¶¶ 28-32.) *See* Cal. Lab. Code § 510 (overtime is "compensated at the rate of no less than one and one-half times the regular rate of pay for an employee "). Although Plaintiff does not specify the number of unpaid overtime hours, they add up and increase the amount in controversy.

32. Plaintiff alleges that he is entitled to damages and penalties pursuant to California Labor Code § 226. (Compl., ¶ 40.) Per California Labor Code § 226(e), a successful plaintiff is "entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000)." Accordingly, the amount in controversy for this claim alone is at least $4,000.

33. Plaintiff alleges he suffered emotional distress, physical injuries, physical sickness, as well as past medical expenses and future medical expenses. (Compl., ¶¶ 51, 62, 74, 85, 92, 98, Prayer at 3.) An award of damages for emotional distress alone can be anticipated to reasonably exceed the jurisdictional minimum. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (C.D. Cal. 2002) (citing case in which an award for pain and suffering in an employment discrimination case totaled $3.5 million, and recognizing that "emotional distress damages in a successful employment discrimination case may be substantial").

34. Plaintiff also seeks to recover attorneys' fees. (Compl., ¶¶ 32, 51, 62, 74, 85, 92, 98, 107, Prayer at 5.) Plaintiff asserts causes of action under multiple statues authorizing the recovery of attorneys' fees by the prevailing party. Cal. Lab. Code § 1194 (Claim 2); Cal Lab. Code § 226(e) (Claim 3); Cal. Govt. Code § 12965(b) (Claims 4-9). Accordingly, attorneys' fees are considered when determining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("When an underlying statute authorizes an award of attorneys' fees . . . such fees may be included in the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (when determining amount in controversy, a court may estimate the amount of attorneys' fees to be recovered by a plaintiff if she were to prevail).

LITTLER MENDELSON
P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597

9

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446 [DIVERSITY JURISDICTION]

35. Plaintiff also seeks an award of punitive damages. (Compl., ¶¶ 52, 63, 75, 93.) Punitive damages are considered in determining the amount in controversy. *See, e.g., Simmons*, 209 F. Supp. 2d at 1033. For purposes of assessing whether the amount in controversy is satisfied, courts can look to jury verdicts in similar cases. *Id.* at 1033. Jury verdicts in various discrimination cases in California reflect high punitive damages awards. *See, e.g., Roby v. McKesson, Corp.*, 47 Cal. 4th 686, 719-720 (2009) (punitive damages award reduced to $1,905,000); *Smith v. Brown-Forman Distillers Corp.*, 196 Cal. App. 3d 503, 516 (1987) ($250,000 punitive damages award upheld).

36. Although Defendant denies that Plaintiff has been damaged in any way as a result of its actions, a preponderance of the evidence demonstrates that the amount in controversy in this case exceeds the $75,000 jurisdictional requirement, exclusive of interest and costs.

## V. VENUE

37. Venue lies in the Northern District of California pursuant to 28 U.S.C. §§ 84(a), 1441(a), and 1446(a). Plaintiff originally brought this action in the Alameda County Superior Court.

38. Pursuant to Northern District of California Local Rule 3-2, the appropriate assignment of this action is to the San Francisco or Oakland Division of this Court.

## VI. NOTICE TO PLAINTIFF AND THE STATE COURT

39. Contemporaneously with the filing of this Notice of Removal in this Court, written notice of such filing will be provided to Plaintiff's counsel of record: Neama Rahmani and Ronald L. Zambrano; West Coast Employment Lawyers, APLC; 350 S. Grand Ave, Ste 3325, Los Angeles, CA 90071.

40. A copy of the Notice of Removal will also be filed with the Clerk of the Alameda County Superior Court.

WHEREFORE, having provided notice as required by law, the above-entitled action should hereby be removed from the Alameda County Superior Court to this Court.

Dated: August 27, 2021

/s/ Renee Feldman
Theodora R. Lee
Renee C. Feldman
LITTLER MENDELSON P.C
Attorneys for Defendant
SOUTHERN GLAZER'S WINE AND SPIRITS, LLC

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597

10

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446 [DIVERSITY JURISDICTION]