EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Southern Glazer's Wine and Spirits, LLC, a Florida corporation; Kayla Gerbershagen, an Individual; and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

David Silva, as an Individual,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

JUN 11 2021

CLERK OF THE COURT
BY: _____ Roni Gill Deputy Clerk

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California, County of Alameda, Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, California 94612

CASE NUMBER:
*(Número del Caso):*
**HG21106621**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ronald L. Zambrano, 350 South Grand Avenue, Suite 3325, Los Angeles, California 90071; (213) 927-3700

DATE: ~~June 10, 2021~~  **JUN 11 2021 Chad Finke**    Clerk, by _____ Roni Gill _____, Deputy
*(Fecha)*                              *(Secretario)*                                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Southern Glazer's Wife and Spirits, LLC, a Florida corporation

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* CCP 17701.16
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

JUN 11 2021

Neama Rahmani (State Bar No. 223819)
  *efilings@westcoasttriallawyers.com*
Ronald L. Zambrano (State Bar No. 255613)
  *ron@westcoasttriallawyers.com*
WEST COAST EMPLOYMENT LAWYERS, APLC
350 South Grand Avenue, Suite 3325
Los Angeles, California 90071
Telephone: (213) 927-3700
Facsimile: (213) 927-3701

Attorneys for Plaintiff,
DAVID SILVA

ENDORSED
FILED
ALAMEDA COUNTY

JUN 11 2021

CLERK OF THE COURT
BY: _____Roni Gill_____
                        Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

DAVID SILVA, as an Individual,

Plaintiff;

v.

SOUTHERN GLAZER'S WINE AND
SPIRITS, LLC, a Florida corporation;
KAYLA GERBERSHAGEN, an
Individual; and DOES 1 through 10,
inclusive,

Defendants.

Case No.: **HG21106621**

**COMPLAINT FOR DAMAGES**

(1) VIOLATION OF LABOR CODE §§ 226.7 AND 512
    (MEAL AND REST BREAKS);

(2) VIOLATION OF LABOR CODE §§ 510, 1194 AND
    1198 (UNPAID OVERTIME)

(3) VIOLATION OF LABOR CODE § 226 (A)
    (INACCURATE WAGE STATEMENTS);

(4) HARASSMENT IN VIOLATION OF FEHA;

(5) FAILURE TO PREVENT AND REMEDY
    HARASSMENT

(6) DISABILITY DISCRIMINATION;

(7) FAILURE TO ACCOMMODATE;

(8) FAILURE TO ENGAGE IN THE INTERACTIVE
    PROCESS;

(9) RETALIATION IN VIOLATION OF FEHA; AND

(10) VIOLATION OF CALIFORNIA BUSINESS &
     PROFESSIONS CODE §§ 17200, ET SEQ.

**DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff DAVID SILVA, who hereinafter shall be referred to as the "Plaintiff" or as "SILVA," who hereby respectfully alleges and avers as follows:

## **INTRODUCTION**

1. This is an action brought by the Plaintiff, SILVA, pursuant to California statutory, decisional, and regulatory laws.  Plaintiff was an employee of Defendant, SOUTHERN GLAZER'S WINE AND SPIRITS, LLC (herein referred to as "SGWS"), at all times herein mentioned.

2. Plaintiff alleges that California statutory, decisional, and regulatory laws prohibit the conduct by Defendants herein alleged, and therefore Plaintiff has an entitlement to monetary relief on the basis that Defendants violated such statutes, decisional law, and regulations.

## **JURISDICTION AND VENUE**

3. Jurisdiction is proper in this court by virtue of the California statutes, decisional law, and regulations, and the local rules under the County of Alameda Superior Court Rules.

4. Venue in this Court is proper in that SGWS has a principal business address located at 33321 Dowe Ave. Union City, CA 94587.

## **PARTIES**

5. At all times herein mentioned, Plaintiff SILVA is and has been a resident of Alameda County, State of California.

6. Defendant SGWS is and at all times herein mentioned has been a Florida corporation with the capacity to sue and to be sued, and doing business, with a principal place of business located at

COMPLAINT AND DEMAND FOR JURY TRIAL

33321 Dowe Ave. Union City, CA 94587.

7.   Defendant, KAYLA GERBERSHAGEN, hereinafter referred to as "GERBERSHAGEN" was at all times herein mentioned an employee of Defendant SGWS, and at all times herein mentioned was and, upon information and belief, still a resident of the County of Santa Clara, State of California.

8.   Plaintiff is informed and believes and thereon alleges that each of the Defendants herein were at all times the agent, employee, or representative of each remaining Defendant and were at all times herein acting within and outside the scope and purpose of said agency and employment. Plaintiff further alleges that as to each Defendant, whether named, or referred to as a fictitious name, said Defendants supervised, ratified, controlled, acquiesced in, adopted, directed, substantially participated in, and/or approved the acts, errors, or omissions, of each remaining Defendant.

9.   The true names and capacities of the Defendants named herein as DOES 1 through 10, inclusive, whether individual, corporate, partnership, association, or otherwise, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names.  Plaintiff will request leave of court to amend this Complaint to allege their true names and capacities at such time as they are ascertained.

## **FACTUAL ALLEGATIONS**

10.  In or about October of 2019, Plaintiff SILVA, became employed by Defendant SGWS as a Chain Sales Merchandiser.

11.  In January of 2020, SILVA received a promotion.

//

COMPLAINT AND DEMAND FOR JURY TRIAL

12. GERBERSHAGEN would make Plaintiff work overtime to help meet her quotas without compensating him for the extra time worked.

13. At times during SILVA's employment, he would start his lunch after working 5 hours, and was obligated to work multiple days off-the-clock to accommodate his boss' quotas.

14. On June 15, 2020, SILVA received a back injury and began medical leave.

15. During SILVA's leave, GERBERSHAGEN would contact him on numerous occasions and demand to know when he was returning to work, be critical of his injury, and demand updates on his health and medical leave.

16. GERBERSHAGEN would also contact and message him during his medical leave to demand that he pay her the storage fee, despite not having been at work due to his injury.

17. On August 8, 2020, SILVA received a termination email from SGWS before the end of his medical leave. Plaintiff believes his termination was due to his medical leave.

18. Prior to filing this Complaint, Plaintiff fulfilled any legal requirement or exhausted any administrative remedy imposed on him by having filed the substance of claims alleged herein with the California Department of Fair Employment and Housing (hereinafter "DFEH") and has received a Right to Sue Letter from the DFEH, dated September 30, 2020. Plaintiff has therefore substantially complied with all requirements for the filing of this Complaint and has timely exhausted his administrative remedies.

//
//
//
//

COMPLAINT AND DEMAND FOR JURY TRIAL

## FIRST CAUSE OF ACTION

**Violation of California Labor Code §§ 226.7 and 512 (Meal and Rest Breaks)**

**(Plaintiff Against SGWS and DOES 1-10)**

19. Plaintiff incorporates all paragraphs above as though fully set forth herein.

20. Plaintiff is informed and believes, and thereon alleges that California Labor Code §§ 226.7 and 512 were in full force and effect and binding on Defendant during all times mentioned in this Complaint. Said section requires employers to comply with all Industrial Welfare Commission Wage Orders governing meal and rest periods.

21. Plaintiff is informed and believes, and thereon alleges, that the IWC Wage Orders were in full force and effect and govern when employers, including Defendants, must give employee breaks for meal and rest periods. The Wage Orders state in pertinent part that employers must provide at least thirty minutes of meal periods for every five hours of work and another thirty-minute period if the work period is ten hours or more. Furthermore, the IWC Wage Orders state in pertinent part that employees must be given at least a ten-minute rest period for every four (4) hours or major fraction thereof.

22. At times during his employment, SILVA would take his lunch break after working 5 hours because was obligated to accommodate his employer's quotas before taking a lunch break, which is in violation of Labor Code §§ 226.7 and 512.

23. At times during his employment, SILVA was obligated to work multiple days off-the-clock in order to accommodate his employer's quotas, which is in violation of Labor Code §§ 226.7 and 512.

//

//

24. Plaintiff is informed and believes, and thereon alleges, that The Wage Orders and the California Labor Code mandate that Defendants must pay Plaintiff one hour of pay at Plaintiff's regular rate of pay for every missed meal and rest period.  Plaintiff is thereby entitled to these penalties in an amount to be proven at trial, and also prays for all other remedies available under the law.

## SECOND CAUSE OF ACTION

### Violation of California Labor Code §§ 510, 1194, & 1198

### (Unpaid Overtime)

### (Plaintiff Against SGWS and DOES 1-10)

25. Plaintiff incorporates by reference and realleges each of the foregoing paragraphs.

26. California Labor Code § 510 provides that employees in California shall not be employed more than eight hours in any workday or 40 hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

27. California Labor Code §§ 1194 and 1198 provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law.  Additionally, California Labor Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.  The governing Wage Order of the Industrial Welfare Commission requires, among other things, payment of a premium wage rate for all hours worked in excess of 8 hours per day or 40 hours per week.

28. During the entirety of his employment with Defendants, Plaintiff was not paid for all of his hours worked. Specifically, Defendant GERBERSHAGEN would make SILVA work overtime to help her meet her quotas without compensating him for the extra time worked. Thus,

Defendants failed to properly compensate Plaintiff at an overtime rate for overtime hours in excess of forty in a given workweek.

29. Defendants failed to compensate Plaintiff for all overtime hours worked in excess of eight hours per day and/or 40 hours per week as required by Labor Code §§ 510 and 1194.  Specifically, Plaintiff was not paid the overtime rate for applicable overtime hours worked when he worked in excess of 8 hours in a day.

30. Defendants failed to pay Plaintiff overtime compensation for the hours he worked in excess of the maximum hours permissible by law as required by California Labor Code § 510 and 1198.

31. By virtue of Defendants' unlawful failure to pay additional, premium rate compensation to Plaintiff for his overtime overtime hours worked, Plaintiff suffered, and will continue to suffer, damages in amounts which are presently unknown to him and which will be ascertained according to proof at trial.

32. Plaintiff requests recovery of overtime compensation according to proof, interest, attorney's fees, and costs pursuant to California Labor Code § 1194(a), as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other statutes. Further, Plaintiff is entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code § 1194.

//
//
//
//
//
//

7

**THIRD CAUSE OF ACTION**

**Violation of Labor Code § 226(A)**

**(Inaccurate Wage Statements)**

**(Plaintiff Against SGWS and DOES 1-10)**

33.  Plaintiff incorporates by reference and realleges each of the foregoing paragraphs.

34.  At all material times set forth herein, California Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

35.  Because Plaintiff was denied meal breaks and was not paid for overtime hours worked, he was subjected to inaccurate timekeeping by Defendants which resulted in inaccurate wage statements.

36.  Defendants intentionally and willfully failed to provide Plaintiff with accurate wage statements.

37.  As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff suffered injury and damage to his statutorily protected rights.

//

8

COMPLAINT AND DEMAND FOR JURY TRIAL

38. Specifically, Plaintiff was injured by Defendants' intentional violation of of California Labor Code section 226(a) because he was denied both his legal right to receive, and his protected interest in receiving, accurate, itemized wage statements under California Labor Code section 226(a).

39. Plaintiff was also injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of California's Labor Code and related laws and regulations.

40. Under California Labor Code section 226€, Plaintiff is entitled to recover from Defendants the greater of his actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000).

## FOURTH CAUSE OF ACTION

### Harassment in Violation of FEHA

### (Plaintiff Against All Defendants)

41. Plaintiff incorporates by reference and realleges each of the foregoing paragraphs.

42. Defendant SGWS is business entity regularly employing at least the minimum number of employees upon which certain legal duties and obligations arise under various laws and statutes, including the FEHA. At all times herein mentioned in this complaint, Government Code §12940 Sections (a) and (b) were in full force and effect and were binding on the Defendants and the Defendants were subject to their terms.

43. Plaintiff timely filed a complaint of harassment with the Department of Fair Employment and Housing alleging inter alia violations of Government Code §12940, including, but not limited to §12940 (a), (b), (j)(1), and all other applicable provisions, fully exhausting Plaintiff's

9

administrative remedies, and has been issued a Right to Sue Letter, dated September 30, 2020, conferring jurisdiction on this court over these claims.

44. The conduct of Defendants amounted to harassment towards the Plaintiff, in direct contravention of various statutes and state law decisions, including but not limited to California Government Code §12940(h) and (j).

45. In or about October of 2019, Plaintiff SILVA, became employed by Defendants SGWS as a Chain Sales Merchandiser.

46. In January of 2020, SILVA received a promotion.

47. During SILVA's leave, GERBERSHAGEN would contact him on numerous occasions and demand to know when he was returning to work, be critical of his injury, and demand updates on his health and medical leave.

48. GERBERSHAGEN would also contact and message SILVA during his medical to leave to demand that he pay her the storage fee, despite not having been at work due to his injury.

49. On August 8, 2020, SILVA received a termination email from SGWS before the end of his medical leave.

50. Such harassment was so severe and pervasive that it altered the terms of Plaintiff's employment, creating a hostile work environment and making his work conditions intolerable. Said harassment was sufficiently extreme to amount to a change in the terms and conditions of Plaintiff's employment.

//

//

COMPLAINT AND DEMAND FOR JURY TRIAL

51. As a direct and legal result of Defendants' conduct, and each of them, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, emotional distress, medical expenses, future medical expenses, and attorneys' fees, all to his damage in the amount according to proof.

52. Said actions justify the imposition of punitive damages in that Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Based upon the foregoing, Plaintiff is entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof.

## FIFTH CAUSE OF ACTION

### Failure to Prevent and Remedy Harassment

### (Plaintiff SGWS and DOES 1-10)

53. Plaintiff incorporates all paragraphs above as though fully set forth herein.

54. Plaintiff was subjected to harassment based on his disability by Defendants SGWS and GERBERSHAGEN, as alleged in more detail above. Such conduct is prohibited by FEHA, Cal. Gov. Code §12940, including but not limited to subdivisions (j) and (k).

55. Under FEHA, an employer is strictly liable for the harassing conduct of its agents and supervisors. (Fisher v. San Pedro Peninsula Hospital (1989) 214 Cal.App.3d 590). FEHA also requires employers to take all reasonable steps necessary to prevent unlawful harassment from occurring. (Gov. Code § 12940 (j) and (k)).

56. In January of 2020, SILVA received a promotion.

//

COMPLAINT AND DEMAND FOR JURY TRIAL

57. After SILVA sustained a back injury and began medical leave, GERBERSHAGEN would contact him on numerous occasions and demand to know when he was returning to work. GERBERSHAGEN would be critical of his injury and demand updates on his health and medical leave.

58. GERBERSHAGEN would also contact and message him during his medical leave to demand that he pay her the storage fee, despite not having been at work due to his injury.

59. On August 8, 2020, SILVA received a termination email from his employer before the end of his medical leave. Plaintiff believes his termination was due to his medical leave.

60. SGWS failed to take immediate and appropriate corrective action to remedy and prevent the harassment that Plaintiff was suffering due to GERBERSHAGEN's actions.

61. Plaintiff is informed and believes that he was terminated based on his disability leave.

62. As a direct and legal result of Defendants' conduct, and each of them, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, medical expenses, future medical expenses, and attorneys' fees, all to his damage in the amount according to proof.

63. Said actions justify the imposition of punitive damages in that Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. SGWS failed to prevent GERBERSHAGEN from harassing SILVA based on his disability leave. Based upon the foregoing, Plaintiff is entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof.

### SIXTH CAUSE OF ACTION

**Disability Discrimination**

**(Plaintiff Against SGWS and DOES 1-10)**

64. Plaintiff incorporates by reference and realleges each of the foregoing paragraphs.

65. Defendant SGWS is a business entity regularly employing at least the minimum number of employees upon which certain legal duties and obligations arise under various laws and statutes, including the FEHA.  At all times herein mentioned in this complaint, Government Code §12940, Government Code §12926(d) were in full force and effect and were binding on the Defendants and the Defendants were subject to their terms.

66. This cause of action is brought pursuant to the FEHA, Gov. Code § 12940(a), prohibiting termination of an employee, such as Plaintiff, from employment or to discriminate against employees, such as Plaintiff, including but not limited to employee's medical condition and/or disability.

67. Plaintiff is, and at all times herein mentioned was, an "employee" who suffers from a "disability" as defined by Government Code §§12926, et seq. and §12940 et seq. and California Code of Regulations, Title 2, which limits one or more major life activities.

68. Plaintiff timely filed a complaint of discrimination with the Department of Fair Employment and Housing, dated September 30, 2020, alleging *inter alia* violations of Government Code §12940, including, but not limited to §12940(a), (j)(1), and (h), and all other applicable provisions, fully exhausting Plaintiff's administrative remedies, and has been issued a Right to Sue Letter, conferring jurisdiction on this court over these claims.

69. During SILVA's leave, GERBERSHAGEN would contact Plaintiff on numerous occasions and

13

1    demand to know when he was returning to work.

2

3    70. GERBERSHAGEN would be critical of Plaintiff's injury and demand updates on his health and

4         medical leave.

5

6    71. GERBERSHAGEN would also contact and message Plaintiff during his medical leave and

7         demand that he pay GERBERSHAGEN the storage fee, despite not having been at work due to

8         his injury.

9

10   72. On August 8, 2020, SILVA received a termination email from SGWS before the end of his

11        medical leave. Plaintiff believes his termination was due to his medical leave.

12

13   73. But for Plaintiff's medical leave due to his injury and disability, Defendants would not have

14        taken adverse employment action against him, as evidenced by the promotion he received in his

15        job prior to his injury.

16

17   74. As a direct and legal result of Defendants' conduct, Plaintiff has suffered and continues to suffer

18        continues to suffer general, consequential, and special damages, including but not limited to

19        substantial losses in earnings, other employment benefits, physical injuries, physical sickness,

20        as well as emotional distress, plus medical expenses, future medical expenses, and attorneys'

21        fees, all to his damage in the amount according to proof.

22

23   75. Said actions justify the imposition of punitive damages in that Defendants committed the acts

24        alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of

25        injuring Plaintiff, from an improper and evil motives amounting to malice, and in conscious

26        disregard of Plaintiff's rights. Based upon the foregoing, Plaintiff is entitled to recover punitive

27        damages from Defendants, and each of them, in an amount according to proof.

28   //

COMPLAINT AND DEMAND FOR JURY TRIAL

## SEVENTH CAUSE OF ACTION

### Failure to Accommodate

### (Plaintiff Against SGWS and DOES 1-10)

76. Plaintiff incorporates by reference and realleges each of the foregoing paragraphs.

77. At all times mentioned in this complaint, Defendants regularly employed five or more persons, bringing Defendants within the provisions of the FEHA, Gov. Code, § 12926(d).

78. This cause of action is brought pursuant to the FEHA, Gov. Code, §§ 12940(b) and 12940(e)(1) requiring employers to make reasonable accommodation for those with disabilities and medical conditions, such as Plaintiff.

79. Defendant was aware of Plaintiff's disability and subsequent medical leave, set forth in detail above, because Plaintiff informed Defendants, and each of them, of his back injury as well as answered the demands from the Defendants regarding when he was returning to work and updating them on his health and medical leave.

80. GERBERSHAGEN would also contact and message Plaintiff during his medical leave to demand that he pay her the storage fee, despite not having been at work due to his injury.

81. On or around August 8, 2020, SGWS terminated Plaintiff before his medical leave was over. Plaintiff is informed and believes he was terminated in retaliation for having a disability and/or having taken a disability leave.

82. Defendant has an affirmative duty under FEHA to reasonably accommodate disabled workers. Such duty arises regardless of whether the employee requested any accommodation.

//

COMPLAINT AND DEMAND FOR JURY TRIAL

83. Instead of providing reasonable accommodations during Plaintiff's medical leave, Defendants terminated Plaintiff's employment before his medical leave was over. Accordingly, Defendants interfered with and failed to provide Plaintiff with the reasonable accommodations he required and was owed due to his disability, in violation of California Government Code 12940 (m).

84. At all times mentioned herein, Plaintiff was willing to perform the duties and functions of his position after his medical leave, if such reasonable accommodations had been made by Defendants, and each of them.

85. As a direct and legal result of Defendants' failure to accommodate Plaintiff's disabilities, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, all to his damage in an amount according to proof.

## EIGHTH CAUSE OF ACTION

### Failure to Engage in the Interactive Process

### (Plaintiff Against SGWS and DOES 1-10)

86. Plaintiff incorporates by reference and realleges each of the foregoing paragraphs.

87. Plaintiff, at all relevant times herein, suffered from a FEHA protected disability.

88. Defendant was aware of Plaintiff's disability, set forth in detail above, because Plaintiff informed Defendants, and each of them, of his back injury as well as answered the demands from the Defendants regarding when he was returning to work and updating them on his health and medical leave.

//

89. However, Defendants refused to accommodate Plaintiff by constantly demanding to know when he was going to come back to work, demanding him to pay for a storage fee despite not being at work due to his medical leave, and terminating him before his medical leave was over.

90. Instead of accommodating Plaintiff, Defendants terminated him before his medical leave was over. This action by Defendants was in retaliation of his protected activity, including his request for accommodation.

91. Defendants did not engage in a timely, good faith interactive process with Plaintiff to find an accommodation for Plaintiff's disability.

92. As a direct and legal result of Defendant's failure to engage in a good faith, timely interactive process, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, all to his damage in an amount according to proof.

93. Said discrimination and/or refusal to accommodate or engage in the interactive process was wrongful and justifies the imposition of punitive damages since the failure to accommodate was against public policy. Defendants intentionally discriminated against Plaintiff on account of his disability and/or his complaints about the same, acted maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff. Defendants acted with an evil purpose, in an intentional and deliberate manner, in violation of Plaintiff's civil rights, and/or with a conscious disregard of Plaintiff's rights. Based upon the foregoing, Plaintiff is entitled to recover punitive damages in an amount according to proof from Defendants and each of them.

//

//

//

COMPLAINT AND DEMAND FOR JURY TRIAL

## NINTH CAUSE OF ACTION

### Retaliation in Violation of FEHA

### (Plaintiff Against SGWS and DOES 1-10)

94.   Plaintiff incorporates by reference and realleges each of the foregoing paragraphs.

95.   At all times herein mentioned in this complaint, Government Code 12940(h) was in full force and effect and binding on the Defendants and the Defendants were subject to their terms. Defendants wrongfully terminated Plaintiff because of his medical leave.

96.   Plaintiff engaged in a protected activity, in that he requested medical leave for his disability. In retaliation, Defendants subjected Plaintiff to an adverse employment action by terminating Plaintiff before his medical leave was over, harassing him for updates regarding his medical leave, and demanding that he pay for a storage fee while he was on medical leave. Said retaliation was in violation of public policy because the sole and actual reason for the adverse employment action was that Plaintiff engaged in a protected activity under FEHA.

97.   Defendant's conduct, described above, is in violation of various statutes and state law decisions including Government Code 12940(h).

98.   As a direct and legal result of Defendant's discrimination and retaliatory actions against Plaintiff for his complains and objections herein referenced, Plaintiff has suffered and continues to suffer general, consequential and special damages including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, all to his damage.

//

//

//

18

**TENTH CAUSE OF ACTION**

**Violation of California Business & Professions Code §§ 17200, et seq.**

**(Plaintiff Against SGWS and DOES 1-10)**

99.  Plaintiff incorporates all paragraphs above as though fully set forth herein.

100. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, other employees, and to the general public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

101. Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, et seq.

102. A violation of California Business & Professions Code § 17200, et seq. may be predicated on the violation of any state or federal law.  All of the acts described herein as violations of, among other things, California Labor Code and Industrial Welfare Commission Wage Orders, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business and Professions Code § 17200, et seq.

103. Defendants' disability discrimination against Plaintiff in violation of FEHA, as alleged in detail above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

104. Defendants' failure to accommodate Plaintiff in violation of FEHA, as alleged in detail above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §

19

COMPLAINT AND DEMAND FOR JURY TRIAL

17200, et seq.

105. Defendants' failure to engage in the interactive process with Plaintiff in violation of FEHA, as alleged in detail above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

106. Defendants' retaliation against Plaintiff in violation of FEHA, as alleged in detail above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

107. Pursuant to California Business & Professions Code § 17200, et seq., Plaintiff is entitled to restitution, including but not limited to, of wages withheld and retained by Defendants during a period from four years prior to the filing of this complaint and for employer payroll taxes; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

## **PRAYER**

1.  For damages according to proof, including unpaid wages, loss of earnings, deferred compensation, and other employment benefits;

2.  For general damages, according to proof;

3.  For other special damages according to proof, including but not limited to reasonable medical expenses;

4.  For prejudgment interest on lost wages and benefits;

5.     For costs incurred by Plaintiff, including reasonable attorneys' fees and costs of suit, in obtaining the benefits due Plaintiff and for violations of Plaintiff's civil rights through the Fair Employment & Housing Act and Labor Code § 1021.5, as set forth above; and

6.     For such other and further relief as the court deems just and proper.

Dated:  June 10, 2021                                    WEST COAST EMPLOYMENT LAWYERS, APLC

                                                        By:  _____
                                                             Ronald L. Zambrano, Esq.
                                                             Attorney for Plaintiff,
                                                             DAVID SILVA

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully demands trial by jury.

Dated:  June 10, 2021                                    WEST COAST EMPLOYMENT LAWYERS, APLC

                                                        By:  _____
                                                             Ronald L. Zambrano, Esq.
                                                             Attorney for Plaintiff,
                                                             DAVID SILVA

COMPLAINT AND DEMAND FOR JURY TRIAL

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Ronald L. Zambrano (State Bar No. 255613)<br><br>WEST COAST EMPLOYMENT LAWYERS, APLC<br>350 South Grand Avenue, Suite 3325, Los Angeles, California 90071<br>TELEPHONE NO.: 213-927-3700   FAX NO.: 213-927-3701<br>ATTORNEY FOR *(Name)*: Plaintiff David Silva | *ENDORSED*<br>*FILED*<br>ALAMEDA COUNTY<br><br>JUN 11 2021<br><br>CLERK OF THE COURT<br>BY: ~~Roni Gill~~ Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF   ALAMEDA |
|---|
| STREET ADDRESS: 1225 Fallon Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Oakland 94612 |
| BRANCH NAME: Rene C. Davidson Courthouse |

| CASE NAME: |
|---|
| Silva v. Southern Glazer's Wine and Spirits, LLC, et al. |

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | HG21106621 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify)*: Ten (10)
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: June 10, 2021
Ronald L. Zambrano, Esq.
_____
(TYPE OR PRINT NAME)                              ► _____
                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
*case involves an uninsured*
*motorist claim subject to*
*arbitration, check this item*
*instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or*
*toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil*
*harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer*
*or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally*
*complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent*
*domain, landlord/tenant, or*
*foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
*drugs, check this item; otherwise,*
*report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex*
*case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-*
*domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
*above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-*
*harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified*
*above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

EXHIBIT B

Neama Rahmani (State Bar No. 223819)
    *efilings@westcoasttriallawyers.com*
Ronald L. Zambrano (State Bar No. 255613)
    *ron@westcoasttriallawyers.com*
WEST COAST EMPLOYMENT LAWYERS, APLC
350 South Grand Avenue, Suite 3325
Los Angeles, California 90071
Telephone: (213) 927-3700
Facsimile: (213) 927-3701

Attorneys for Plaintiff,
DAVID SILVA

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| DAVID SILVA, as an Individual, | Case No.: HG21106621 |
| Plaintiff, | *ASSIGNED FOR ALL PURPOSES TO THE HONORABLE JUDGE JAMES REILLY* |
| v. | Department 25 |
| | **NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER** |
| SOUTHERN GLAZER'S WINE AND SPIRITS, LLC; a Florida Corporation; KAYLA GERBERSHAGEN, an Individual; and DOES 1 through 10, inclusive, | Action filed: June 11, 2021 |
| Defendants. | Trial date: Not Set |

//
//
//
//

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that a Case Management Conference has been scheduled for October 25, 2021 at 9:00 a.m. in Department 25 of the Alameda Superior Court located at 1221 Oak Street, Oakland, California 94612.

A true and correct copy of the order is attached as Exhibit A.

Dated:  August 5, 2021

WEST COAST EMPLOYMENT LAWYERS, APLC

By: _____
Ronald L. Zambrano, Esq.
Attorney for Plaintiff,
DAVID SILVA

NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER

2

EXHIBIT "A"

West Coast Trial Lawyers, APLC
Attn: Zambrano, Ronald L
350 South Grand Avenue,
Suite 3325
Los Angeles, CA  90071____

## Superior Court of California, County of Alameda

Silva
                                                    **Plaintiff/Petitioner(s)**
                        vs.

Southern Glazer's Wine and Spirits, LLC,
                                                    **Defendant/Respondent(s)**
                        (Abbreviated Title)

No. HG21106621

**NOTICE OF CASE MANAGEMENT
CONFERENCE AND ORDER**
Unlimited Jurisdiction

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**
Notice is given that a Case Management Conference has been scheduled as follows:

| | | |
|---|---|---|
| Date: 10/25/2021<br>Time: 09:00 AM | Department: 25<br>   Location: **Administration Building**<br>      **1221 Oak Street, Oakland  CA  94612**<br><br>   Internet: **www.alameda.courts.ca.gov** | Judge:  **James Reilly**<br>Clerk:  **Pamela Greene**<br>Clerk telephone:  **(510) 267-6941**<br>E-mail:<br>**Dept25@alameda.courts.ca.gov**<br>Fax:  **(510) 891-5346** |

### ORDERS

1. **Plaintiff** must:

    a. **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)); and

    b. **Give notice** of this conference to all other parties and file proof of service.

2. **Defendant must** respond as stated on the summons.

3. **All parties who have appeared before the date of the conference** must:

    a. **Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724;

    b. **File and serve** a completed *Case Management Statement* on Form CM-110 at least **15 days** before the Case Management Conference (Cal. Rules of Court, rule 3.725); and

    c. **Post jury fees** as required by Code of Civil Procedure section 631.

4. If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

5. You are further ordered to appear in person or through your attorney of record at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed. You may be able to appear at Case Management Conferences by telephone. Contact CourtCall, an independent vendor, at least three business days before the scheduled conference. Call 1-888-882-6878, or fax a service request to (888) 882-2946. The vendor charges for this service.

6. You may file *Case Management Conference Statements* by E-Delivery. Submit them directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to *www.alameda.courts.ca.gov/ff.*

7. The judge may place a *Tentative Case Management Order* in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the website of each assigned department for procedures regarding tentative case management orders at *www.alameda.courts.ca.gov/dc.*

## *Superior Court of California, County of Alameda*



## *Notice of Assignment of Judge for All Purposes*

Case Number: HG21106621
Case Title:   Silva  VS Southern Glazer's Wine and Spirits, LLC,
Date of Filing: 06/11/2021

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

| | |
|---|---|
| **Judge:** | **James Reilly** |
| **Department:** | **25** |
| **Address:** | **Administration Building** |
| | **1221 Oak Street** |
| | **Oakland  CA  94612** |
| **Phone Number:** | **(510) 267-6941** |
| **Fax Number:** | **(510) 891-5346** |
| **Email Address:** | **Dept25@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law. (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

**NOTICE OF NONAVAILABILITY OF COURT REPORTERS:** Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

- Department 25 has opted out of the Informal Discovery Conference protocol pursuant to Local Rule 3.31 and CCP section 2016.080. Please email the department (dept25@alameda.courts.ca.gov) to reserve a hearing date for a discovery motion. When requesting a reservation number, note the nature of the motion, the party you represent, and two or three proposed hearing dates (on a Wednesday or Friday at 9:00), factoring in the time required for statutory notice. No discovery motion shall be filed without prior serious efforts to resolve it.

- Limited hearings are available for summary judgments, preliminary injunctions and other time-sensitive motions.

**Law and Motion Procedures**

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  - Email:    Dept25@alameda.courts.ca.gov
  - Phone:    (510) 267-6941

  The Court requests that reservations be made by e-mail to avoid disrupting courtroom proceedings.

- Ex Parte Matters
  - Email:    Dept25@alameda.courts.ca.gov
  - Phone:    (510) 267-6941

**Tentative Rulings**

The court may issue tentative rulings in accordance with the Local Rules. Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 25
- Phone:  1-866-223-2244

Dated:  07/28/2021

_____ Facsimile

Presiding Judge,
Superior Court of California, County of Alameda

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action. My business address is 350 South Grand Avenue, Suite 3325, Los Angeles, CA 90071.

On August 5, 2021, I served the foregoing document described as: **NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER** on the interested parties in this action by placing a true copy or original thereof enclosed in a sealed envelope, addressed as follows:

Southern Glazer's Wine and Spirit's, LLC          Defendant
c/o The Prentice-Hall Corporation System, Inc.
Agent for Service of Process
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

X      **BY MAIL (CCP §1013(a) and CCP §2015.5):** I am readily familiar with the firm's practice of collection and processing documents for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐      **BY FACSIMILE TRANSMISSION (CCP §1013(e)(f) and CCP §2015.5):** I caused such documents to be delivered via facsimile transmittal to the office of the addressee. The transmission(s) reported as complete and without error.

☐      **BY ELECTRONIC MAIL (CCP §1010.6; CCP §1013(g) and CCP §2015.5)**

☐      **BY OVERNIGHT DELIVERY (CCP §1013(c)(d) and CCP §2015.5):** I caused such documents to be delivered via express service carrier to the office of the addressee.

☐      **BY PERSONAL SERVICE (CCP §1011 and CCP §2015.5):** I caused such documents to be hand-delivered to the office of the addressee.

X State          ☐ Federal

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed August 5, 2021, at Los Angeles, California.

Sarah Trask

1

PROOF OF SERVICE

EXHIBIT C

1  THEODORA R. LEE, Bar No. 129892
   tlee@littler.com
2  RENEE C. FELDMAN, Bar No. 253877
   rfeldman@littler.com
3  LITTLER MENDELSON P.C.
   Treat Towers
4  1255 Treat Boulevard, Suite 600
   Walnut Creek, California  94597
5  Telephone:    925.932.2468
   Fax No.:       925.946.9809
6
   Attorneys for Defendant
7  SOUTHERN GLAZER'S WINE AND SPIRITS, LLC

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                            COUNTY OF ALAMEDA

10

11  DAVID SILVA, an individual,                    Case No.  HG21106621

12              Plaintiff,                          **SOUTHERN GLAZER'S ANSWER TO**
                                                    **UNVERIFIED COMPLAINT**
13       v.

14  SOUTHERN GLAZER'S WINE and SPIRITS,
    LLC, a Florida corporation; KAYLA
15  GERBERSHAGEN, an individual; and DOES 1
    through 10, inclusive,
16
17              Defendants.

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON P.C.
   Treat Towers
1255 Treat Boulevard
      Suite 600
Walnut Creek, CA  94597
   925.932.2468

                    SOUTHERN GLAZER'S ANSWER TO UNVERIFIED COMPLAINT

ENDORSED
FILED
ALAMEDA COUNTY

AUG 2 5 2021

CLERK OF THE SUPERIOR COURT
By _____ Molly , Kautz
                            Deputy

FAXED

Defendant SOUTHERN GLAZER'S WINE AND SPIRITS, LLC ("Defendant") responds to Plaintiff DAVID SILVA's ("Plaintiff") Complaint for Damages ("Complaint") as follows:

### GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in Plaintiff's unverified Complaint, and denies the Complaint as a whole as it relates to Defendant.  Defendant further denies, generally and specifically, that Plaintiff has been injured in any amount by reason of any act or omission of Defendant or by anyone acting on Defendant's behalf or at its direction.

Without waiving or excusing any of Plaintiff's own burdens of proof and production of evidence, Defendant alleges the following separate and distinct affirmative defenses to each of the purported causes of action set forth in the Complaint:

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (ARBITRATION AGREEMENT)

1.      Defendant alleges, that the Complaint, and each cause of action for relief set forth therein, is subject to a binding arbitration agreement, and therefore, this Court or any court is not the proper forum and/or lacks jurisdiction over Plaintiff's purported claims

### SECOND AFFIRMATIVE DEFENSE

### (FAILURE TO STATE A CLAIM)

2.      Defendant alleges, based on information and belief, that the Complaint, and each cause of action for relief set forth therein, fails to state a claim upon which relief may be granted and/or fails to state facts sufficient to constitute a valid cause of action against Defendant.

### THIRD AFFIRMATIVE DEFENSE

### (STATUTE OF LIMITATIONS)

3.      Defendant alleges, based on information and belief, that the Complaint, and each cause of action for relief set forth therein, is barred by the applicable statutes of limitation, including, but not limited to, those set forth in Code of Civil Procedure sections 335.1, 338, 340, 343; Government Code sections 12960, 12965; Business & Professions Code section 17208.

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

2

SOUTHERN GLAZER'S ANSWER TO UNVERIFIED COMPLAINT

**FOURTH AFFIRMATIVE DEFENSE**

**(FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES)**

4.      Defendant alleges, based on information and belief, that Plaintiff's Complaint falls outside the jurisdiction of this Court in that Plaintiff has failed to satisfy the jurisdictional prerequisites to bringing this lawsuit by exhausting the available administrative remedies as required by law.

**FIFTH AFFIRMATIVE DEFENSE**

**(ALLEGATIONS UNRELATED TO ADMINISTRATIVE CHARGE)**

5.      Defendant alleges, based on information and belief, that Plaintiff's Complaint falls outside the jurisdiction of this Court in that allegations in the Complaint concern matters not reasonably related to administrative complaints filed by Plaintiff in a timely manner with the appropriate government agency.

**SIXTH AFFIRMATIVE DEFENSE**

**(LEGITIMATE BUSINESS REASON)**

6.      While Defendant denies that it engaged in the conduct attributed to it by Plaintiff, if it is determined that the conduct alleged is legally attributable to Defendant, Defendant alleges that the conduct was not unlawful inasmuch as the conduct was reasonably and properly based on legitimate business reasons and/or other non-discriminatory and non-retaliatory bases.

**SEVENTH AFFIRMATIVE DEFENSE**

**(SAME DECISION)**

7.      While Defendant denies that it engaged in the conduct attributed to it by Plaintiff, if it is determined that the conduct alleged is legally attributable to Defendant, Defendant alleges that they would have made the same decision based on legitimate, non-discriminatory, and/or non-retaliatory reasons.

**EIGHTH AFFIRMATIVE DEFENSE**

**(AFTER-ACQUIRED EVIDENCE)**

8.      While Defendant denies that it engaged in the conduct attributed to it by Plaintiff, if it is determined that the conduct alleged is legally attributable to Defendant, Defendant alleges that they would have made the same decision based on after-acquired evidence.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

3

SOUTHERN GLAZER'S ANSWER TO UNVERIFIED COMPLAINT

**NINTH AFFIRMATIVE DEFENSE**

**(OUTSIDE COURSE AND SCOPE; NO RATIFICATION)**

9.    Defendant alleges, based on information and belief, that any and all conduct of any and all individuals of the type alleged in the Complaint, if and to the extent that it occurred at all, was outside the course and scope of such persons' agency and employment with Defendant and was neither known to, nor ratified by, Defendant.

**TENTH AFFIRMATIVE DEFENSE**

**(PLAINTIFF'S COMPARATIVE FAULT)**

10.    While Defendant denies that it engaged in the conduct attributed to it by Plaintiff, if it is determined that the conduct alleged is legally attributable to Defendant, Defendant alleges that the damages sustained by Plaintiff, if any, were caused by the acts or omissions of Plaintiff and any damages attributable to Defendant must be reduced by Plaintiff's comparative fault or negligence contributing to such damage.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(SUPERSEDING CAUSE)**

11.    While Defendant denies that it engaged in the conduct attributed to it by Plaintiff, if it is determined that the conduct alleged is legally attributable to Defendant, Defendant alleges that the proximate cause of such damage was the conduct of others.

**TWELFTH AFFIRMATIVE DEFENSE**

**(EQUITABLE DEFENSES – ALL)**

12.    Defendant alleges, based on information and belief, that the Complaint, and each cause of action for relief set forth therein, is barred by the equitable doctrines of estoppel, waiver, unclean hands and/or laches, as a result of, without limitation, Plaintiff's own acts and/or omissions.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(FAILURE TO MITIGATE)**

13.    While Defendant denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged by conduct legally attributable to Defendant, then Defendant alleges, based on information and belief, that Plaintiff has failed to mitigate his purported

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

4

SOUTHERN GLAZER'S ANSWER TO UNVERIFIED COMPLAINT

damages, and further alleges that, to the extent any damages could have been mitigated, such sums should be deducted from any award of damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (AVOIDABLE CONSEQUENCES)

14.     While Defendant denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged by conduct legally attributable to Defendant, then Defendant alleges, based on information and belief, that Plaintiff's damages are barred, in whole or in part, by the avoidable consequences doctrine.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (PRIVILEGED CONDUCT)

15.     Defendant alleges, based on information and belief, that the actions alleged by Plaintiff, if they occurred, were privileged, including but not limited to the doctrine of managerial privilege.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (HEALTH OR SAFETY RISK)

16.     Defendant alleges, based on information and belief, that, even with reasonable accommodation, Plaintiff was unable to perform at least one essential job duty without endangering his health or safety and/or the health and safety of others.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (UNDUE HARDSHIP)

17.     Defendant alleges, based on information and belief, that any accommodation that would have allowed Plaintiff to perform the essential duties of the position in question would have produced undue hardship on the company's operations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (WORKERS' COMPENSATION PREEMPTION)

18.     Defendant alleges, based on information and belief, that the Court lacks jurisdiction over the subject matter of each of Plaintiff's claims for relief because the exclusive remedy for his purported injuries lies under the California Workers' Compensation Act, Lab. Code § 3600, *et seq.*

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

5

SOUTHERN GLAZER'S ANSWER TO UNVERIFIED COMPLAINT

### NINETEENTH AFFIRMATIVE DEFENSE

### (SECRETIVE WORK)

19.     Defendant alleges, based on information and belief, that the Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because the work of Plaintiff was voluntary in nature and performed without Defendant's knowledge or authorization and/or Defendant was otherwise unaware of the hours worked by Plaintiff because Plaintiff deliberately prevented Defendant from acquiring knowledge of the hours worked.

### TWENTIETH AFFIRMATIVE DEFENSE

### (MEAL/REST  PERIODS - PROVIDED OR NOT DISCOURAGED)

20.     Defendant alleges, based on information and belief, that any meal and/or rest period claims are barred, in whole or in part, because Plaintiff was provided with all meal and rest periods required and/or Defendant did not prevent Plaintiff from taking such meal and rest periods.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (MEAL PERIODS - VOLUNTARY WAIVER)

21.     Defendant alleges, based on information and belief, that any meal period claims are barred, in whole or in part, because the Plaintiff agreed to waive any meal periods for shifts longer than five hours but less than six hours in length and/or greater than ten hours but less than twelve hours in length (and in the event the first meal period was not waived).

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (WAGE STATEMENTS– NOT KNOWING AND INTENTIONAL)

22.     Defendant alleges, based on information and belief, that any claims for penalties pursuant to Labor Code § 226 are barred, in whole or in part, because Plaintiff, was not "injured" thereby and/or because Defendant's alleged failure to comply with Labor Code § 226(a) was not a "knowing and intentional failure" under Labor Code § 226(e).

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (WAGE STATEMENTS– GOOD FAITH BELIEF)

23.     Defendant alleges, based on information and belief, that any claims for penalties pursuant to Labor Code § 226 are barred, in whole or in part, because Defendant acted with a

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

6

SOUTHERN GLAZER'S ANSWER TO UNVERIFIED COMPLAINT

reasonable and good faith belief that it complied with its obligations as to Plaintiff, if any, including but not limited to Labor Code §§ 226, 226.3, and 226.7.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (WAGE STATEMENTS– SUBSTANTIAL COMPLIANCE)

24.     Defendant alleges, based on information and belief, that any claims for penalties pursuant to Labor Code § 226 are barred, in whole or in part, because Defendant substantially complied with all applicable laws, statutes, regulations, and Wage Orders.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (PUNITIVE DAMAGES)

25.     Defendant alleges, based on information and belief, that to the extent Plaintiff seeks unspecified punitive damages, such claim and damages are contrary to the due process clauses and other clauses of the United States and California Constitutions.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (LACK OF MALICE, FRAUD, OPPRESSION OR INTENT)

26.     Defendant alleges, based on information and belief, that to the extent Plaintiff seeks unspecified punitive damages, Defendant lacked sufficient intent for the commission of the matters alleged in the Complaint and did not act with any specific malice, fraud, oppression or ill intent towards Plaintiff.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (AMBIGUITY OF CLAIMS)

27.     The Complaint is vague, ambiguous, indefinite and uncertain; therefore, Defendant reserves the right to amend or supplement the affirmative defenses asserted herein, and to present evidence in support of different or additional defenses, upon ascertaining the specific nature of the violations alleged.

### **PRAYER**

WHEREFORE, Defendant prays for judgment in its favor, and against Plaintiff as follows:

1.     That the Complaint be dismissed with prejudice;

2.     That Plaintiff take nothing by virtue of this action;

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

7

SOUTHERN GLAZER'S ANSWER TO UNVERIFIED COMPLAINT

1    3.    That judgment be entered in favor of Defendant;

2    4.    That Defendant be awarded attorneys' fees and costs of suit incurred herein; and

3    5.    For such other and further relief as the Court may deem proper.

4

Dated: August 25, 2021

5

6                                        *Renee Feldman*

7                                        Theodora R. Lee
                                         Renee C. Feldman
8                                        LITTLER MENDELSON P.C.
                                         Attorneys for Defendant
9                                        SOUTHERN GLAZER'S WINE AND SPIRITS, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

8

SOUTHERN GLAZER'S ANSWER TO UNVERIFIED COMPLAINT

<u>**ROOF OF SERVICE BY ELECTRONIC TRANSMISSION**</u>

I am employed in Contra Costa County, California.  I am over the age of eighteen years and not a party to the within-entitled action.   My business address is Treat Towers, 1255 Treat Boulevard, Suite 600, Walnut Creek, California  94597.  On this 25th day of August, 2021, I served a copy of the within document(s):

**SOUTHERN GLAZER'S ANSER TO UNVERIFIED COMPLAINT**

Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is grose@littler.com.

Ronald L. Zambrano, Esq.
WEST COAST EMPLOYMENT LAWYERS
350 South Grand Avenue, Suite 3325
Los Angeles, CA   90071
Email:  ron@westcoasttriallawyers.com
efilings@westcoasttriallawyers.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on this August 25, 2021.

_____
Gaye M. Rose

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

9

SOUTHERN GLAZER'S ANSWER TO UNVERIFIED COMPLAINT